JUDITH SMITH, RESPONDENT, *v.* WILLIAM J. GREEN, IMPLEADED WITH OTHERS, APPELLANT.

*Action discontinued— should not be revived— notice of motion— when it must be given.*

Plaintiff, by different attorneys, commenced two actions to foreclose the same mortgage. While both actions were pending; upon plaintiff's application, and against defendant's objection, an order was made discontinuing the second action on payment of costs. Subsequently plaintiff, on an *ex parte* application, procured an order vacating the former one, reviving the second action and discontinuing the first. Thereafter the defendant moved to vacate the second order.

*Held,* that the application should be granted. 1. Because it was irregular to grant the order without notice to defendant who had appeared. 2. Because after an action has been discontinued by a party, it should not be again restored unless the order was obtained by fraud.

APPEAL from an order denying a motion to vacate an *ex parte* order, which said order vacated a previous order of discontinuance of one mortgage foreclosure suit and revived such suit, and at the

same time discontinued another mortgage foreclosure suit, both suits having been brought to foreclose the same mortgage.

The case on appeal showed that the defendant appeared by attorney in the first action, but did not state whether he had appeared in the second one.

*Robert Avery,* for the appellant.

*William Ferdon,* for the respondent.

BARNARD, P. J.:

The plaintiff, by two different attorneys, commenced actions to foreclose the same mortgage. These actions were pending from February, 1877, to January, 1878. I assume the defendant had the same attorney, Andrew Follen, although the fact is not directly stated. On the 5th day of January, 1878, the court at Special Term, and upon the application of plaintiff, who was then represented by the same attorney in both actions, and upon argument and opposition by defendant's attorney, ordered the action last commenced to be discontinued, with costs to defendant's attorney, if defendant paid his bond in full. The time to answer for the defendant Green, in the action not discontinued, expired on the 18th day of February, 1878. On the 19th of January, 1878, the plaintiff, upon an *ex parte* application, obtained an order from the court vacating the order discontinuing the second action, and reviving that action and discontinuing the action first commenced by her. On the 14th of February, 1878, Robert Avery, Esq., was substituted as attorney for defendant, Smith, in the first action, and within a day or two after his substitution discovered that the second action had been revived, and the first discontinued *ex parte.* The court at Special Term denied this motion made upon due notice to vacate this order. I think the court erred in so doing. In the first place, it was irregular to obtain the order without notice to the defendant appearing. In the second place, after an action has been discontinued by a party, it should not be again restored unless the order was obtained by fraud. (*Orphan Asylum* v. *McCartee,* 1 Hopkins' Chy., 372.)

The order appealed from should, therefore, be reversed with

costs and disbursements, and the motion to vacate be granted, with costs.

Dykman, J., concurred.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Order reversed, with costs and disbursements, and motion to vacate granted.